COSTER, In re. See Case No. 17,027.

## Case No. 3,264.

### COSTER v. PHOENIX INS. CO.

[2 Wash. C. C. 51.] [1]

Circuit Court, D. Pennsylvania. April Term, 1807.

"AVERAGE" DEFINED—INSURANCE—CONFLICT BETWEEN WRITTEN AND PRINTED PARTS OF POLICY.

1. The order for insurance on goods on board the Draper, directed it to be made free of average under ten per cent., and the ship, on her arrival in the Texel, was subjected to charges and damages under ten per cent. in the nature of general average.

2. The original meaning of average, was a general contribution on ship, cargo, and freight, towards a loss sustained for the benefit of all. At this time, such average is always called general. It is usual to add to the terms, general, partial, or particular, to designate the average intended.

3. Where the written clause in a policy is inconsistent with the printed parts of it, the former will be deemed and taken as the contract of the parties.

This was a case agreed, which stated, that in 1805, an order for insurance of goods on board the ship Draper, at and from New-York to Amsterdam, was given by the plaintiff's agent to the defendants; in which it was stated the same were to be free of average under ten per cent. On the 26th of December, 1805, a policy was subscribed by the defendants on goods on board the same ship, at and from New York to Amsterdam, at five per cent.; which insurance was declared to

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

be made on one hundred and twenty-five bales of cotton, and thirty-six boxes of sugar, valued at 12,150 dollars, and warranted free from average under ten per cent., and with other warranties not in question. That the following (printed) clause was also contained in the policy, viz. "Memoranda. It is agreed that salt, wheat, Indian corn, peas, or any other kind of grain, malt, dried fish stowed in bulk, leaf tobacco or otherwise, fruit of all kinds, and any other articles that are perishable in their own nature, are warranted by the assured free from average, unless general; all other goods free from average under five per cent., unless general." The vessel sailed from New York, and arrived in the Texel, where she was subjected to certain extraordinary expenses and damages, of the nature of general average.

The question submitted to the court was, whether the defendants are liable and chargeable with the said average loss, being general, but under ten per cent. If the court should be of opinion that the defendants are liable for the said general average, judgment to be rendered for the plaintiff; the amount to be agreed upon by the parties. If the opinion should be that they are not so liable, judgment to be rendered for the defendants.

Mr. Ingersoll, for plaintiff, argued that the written clause, taken in connexion with the printed, clearly shows that the intention was merely to exempt the underwriter from particular average under ten per cent., instead of five per cent., as in the present form of the policy; and that the words, "unless general," in the printed form, should be applied to the written clause, which would make the whole plain.

Mr. Rawle, for defendant, insisted that the written words in the policy always control the printed. Average, in its general signification, means a contribution to a general loss; and unless it be qualified, it is always to be taken in this sense. But, taking both together, the meaning is, that the defendant should not be liable either for general or partial loss, under ten per cent.

Mr. Ingersoll replied, that the written part never controls the printed, unless where they are inconsistent. Average is the general term, and comprehends as well partial as general average. He cited Park, 99, 121.

WASHINGTON, Circuit Justice. The word "average" originally meant a contribution, by the owner of the ship, cargo, and freight, towards a loss sustained for the general benefit of all. But when understood in this sense, it is at this day always called "general," to distinguish it from "particular" average, which means nothing more than a partial loss. So that from the time that the term "average" was used to express a partial loss, the word "average" has, in the common understanding of commercial men, so far varied its original meaning when applied to

original insurances, as to import as well a general contribution, as a particular loss; and is intended to be used in either of those ways: the adjuncts "general," "partial," or "particular," are always affixed.

An attention to the true meaning of this phrase, will assist us in understanding the point in controversy. The printed clause liberates the underwriters from particular average to any amount, on articles of a perishable nature, and on other articles where the loss amounts to less than five per cent. The written clause discharges the underwriter from all responsibility for average losses, whether general or particular, under ten per cent. These clauses are inconsistent with each other, and one or the other must give way. If the written clause varies from the printed, it is evidence of a special contract made in that particular case, different from the usual contract of insurances; and it must necessarily be considered as the real agreement of the parties. If the written and the printed clauses can be reconciled by any fair construction, it ought to be done; if they cannot, the former must prevail. Whether, in this case, the not qualifying the general expressions, proceeded from mistake or was designed, is quite uncertain. The insured may possibly have expected that the usual words, "unless general," would be added, and the underwriter may have taken a smaller premium in consideration of being exempted from general average losses, under ten per cent. There is no certain ground to go upon, but the construction fairly deducible from the expressions which the parties have used. The opinion of the court therefore is, that the defendants are not liable for the average loss, and that judgment should be rendered for them.